UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**SERENA L. HERNANDEZ,**
1325 S. Taylor Street, Apartment 5
Green Bay, Wisconsin 54304

Plaintiff,

Case No. 25-CV-647

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**,
Registered Agent:
Corporation Service Company
33 E. Main Street, Suite 610
Madison, Wisconsin 53703

Defendant.

---

**COMPLAINT**

---

The Plaintiff, Serena L. Hernandez, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

**PARTIES**

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Green Bay, Wisconsin.

2. Defendant, The Lincoln National Life Insurance Company, on information and belief is a corporation organized under the laws of New Hampshire, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Charter Communications, Inc. (the Plan), an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least August 1, 2020 and continues to the present time.

**JURISDICTION & VENUE**

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

**FACTS**

8. Plaintiff is a former employee of Charter Communications, Inc.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan.

10. Plaintiff ceased working on or about August 16, 2020 due to her medical conditions, including low back pain and secondary mental health conditions.

11. On information and belief, Plaintiff applied for short-term disability benefits with Defendant.

12. On information and belief, Defendant approved Plaintiff's claim for short-term disability benefits through the maximum benefit period.

13. Plaintiff subsequently applied for LTD benefits with Defendant.

14. Defendant approved Plaintiff's claim for LTD benefits from February 14, 2021 until May 5, 2022.

15. Plaintiff's LTD benefit is worth approximately $2,000.00 per month.

16. Plaintiff has been awarded SSDI benefits.

17. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTD benefits.

18. After Plaintiff was awarded SSDI benefits, Defendant was entitled to offset Plaintiff's LTD benefit by her SSDI benefit amount (approximately $1,500 per month) resulting in a net LTD benefit of approximately $500.00 per month.

19. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

20. Defendant was responsible for paying Plaintiff's LTD benefits.

21. Defendant denied Plaintiff's LTD benefits claim beyond May 5, 2022.

22. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

23. Defendant failed to consider the issues raised in Plaintiff's appeal.

24. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

25. Defendant did not perform a "full and fair review" of Plaintiff's claim.

26. Defendant failed to deal fairly with Plaintiff and provide her with a reasonable opportunity to respond to its inquiries given her medical conditions.

27. Defendant failed to provide Plaintiff with a reasonable opportunity to respond to the new evidence that it generated on appeal.

28. Defendant failed to notify Plaintiff with specificity of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

29. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

30. Defendant failed to adequately consider the information provided by Plaintiff during phone calls with Defendant, including her reports that she had been "in and out of the hospital many times."

31. Defendant failed to engage in a meaningful dialogue with Plaintiff.

32. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

33. Defendant conducted a selective review of Plaintiff's medical records.

34. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

35. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

36. At all times material to this case, the Plan has remained in full force and effect.

37. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

38. The preceding paragraphs are reincorporated by reference as though set forth here in full.

39. Plaintiff has been and remains disabled, as that term is defined by the Plan.

40. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

41. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

42. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

43. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

44. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTD benefits. As such, Defendant relied on Plaintiff's SSDI award in

instances when it benefited Defendant but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTD benefits.

45. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

46. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Serena Hernandez, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: May 5, 2025.

By: */s/ Brook E. Tylka*
Brook E. Tylka, WI State Bar No. 1126886
Jessa L. Victor, WI State Bar No. 1099144
Attorneys for Plaintiff, Serena L. Hernandez
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Email: btylka@hq-law.com; jvictor@hq-law.com