**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

**SERENA L. HERNANDEZ,**

**Plaintiff,**

**CIVIL ACTION NO. 1:25-cv-00647-BBC**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

---

# JOINT RULE 26(f) PLAN

---

Plaintiff, by her attorneys, and Defendants, by its attorneys, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f). Counsel for the parties conferred about the matters set forth below on June 17, 2025.

1. Nature of the Case. This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") in which Plaintiff seeks Long-Term Disability Insurance ("LTDI") benefits under the ERISA-governed Plan at issue. The Defendant contends that the Plaintiff is not entitled to said benefits.

2. Statutory Basis for Jurisdiction and Venue. The parties agree that this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1) and (f), this action being brought under ERISA. The parties further agree that venue is proper in the United States District Court for the Eastern District of Wisconsin.

3. Names of Any Related Cases. There are no related cases.

4. Material Factual and Legal Issues to be Resolved at Trial.

Plaintiff's position: Plaintiff contends that she became disabled in August 2020, eligible to receive LTDI benefits effective February 14, 2021, and remains eligible for continued LTDI benefits. Plaintiff further contends that Defendant's decision to deny LTDI benefits beyond May 2022 was erroneous, arbitrary, capricious, and unreasonable.

Defendant's position: The material factual and legal issue to be resolved in this case through dispositive motions is whether Defendant's decision to deny Plaintiff's claim for long-term disability benefits beyond May 2022 was reasonable; that is, not arbitrary and capricious.

5. Amendment to the Pleadings. The parties do not anticipate amending the pleadings.

6. Identity of New Parties to be Added. The parties do not anticipate adding any new parties to the case.

7. Estimated Trial Length. The parties anticipate that a trial, if required, will take no more than two days.

8. Possibility of Prompt Settlement. The parties intend to discuss settlement.

9. Initial Disclosures. The parties agree to opt out of the initial disclosure requirement. Instead, the Defendant shall produce the Administrative Record on or before July 29, 2025. Plaintiff shall have until August 26, 2025, to raise any challenge to the information, materials and/or documentation contained therein. Defendant shall file the Administrative Record by September 9, 2025.

10. Electronically Stored Information. The parties do not believe that this case involves discovery of electronically stored information (ESI). If e-discovery becomes necessary, the parties will discuss the most cost-effective and efficient use of the same.

11. Electronic Service: The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties hereby consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

12. Confidentiality. The parties do not anticipate any disputes concerning confidentiality or claims of privilege. To the extent any such dispute arises, Fed. R. Civ. P. 26(b)(5) shall control. In the event discovery is ordered by the Court, the parties agree that all disclosures will be made pursuant to a Protective Order.

13. Orders. The parties do not presently contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

14. Change to Limitations on Discovery Imposed by Federal Rules.

Defendant's position: This is an ERISA claim for benefits to be reviewed on the Administrative Record available to the administrator at the time of the decision and no discovery should be permitted. Defendant disputes Plaintiff's right to claim for discovery beyond the administrative record.

Plaintiff's position: The Plaintiff does not agree that this is a case for review on a closed administrative record. The Plaintiff reserves the right to seek discovery and to introduce evidence beyond the administrative record.

15. Proposed Schedule. The parties jointly propose that the Court establish the following schedule in this matter:

| | |
|---|---|
| Deadline for Defendant to Produce Administrative Record | July 29, 2025 |
| Deadline for Plaintiff to Dispute the Administrative Record | August 26, 2025 |
| Deadline for Defendant to File Administrative Record | September 9, 2025 |
| Dispositive Motion Deadline (Cross Motions) | February 4, 2026 |
| Dispositive Motion Response Deadline (Cross Responses – No Replies Without Leave of Court) | March 2, 2026 |
| Trial – if necessary | October __, 2026<br>(To be set by the Court) |

Dated this 18th day of June 2025.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**ATTORNEY FOR DEFENDANT**

**- AND -**

**HAWKS QUINDEL, S.C.**

*/s/ Brook Tylka*
Brook E. Tylka, WI State Bar No. 1126886
Jessa L. Victor, WI State Bar No. 1099144
409 E. Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236
Email: btylka@hq-law.com; jvictor@hq-law.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Wisconsin, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Brook Tylka
Email: btylka@hq-law.com

June 18, 2025 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers