| | |
|---|---|
| From: | LFGNotifications@LFG.com |
| Sent: | Friday, September 16, 2022 4:21:07 PM |
| To: | SHERNANDEZ068@YAHOO.COM; |
| CC: | |
| BCC: | |
| Subject: | [Send Secure]Charter Communications, Inc. Claim No. 10970673 Serena Hernandez |
| Attachments: | lhry66ihsu3ku0lvxjon_13582252.pdf; |

---

This notification contains important information regarding a claim with Lincoln Financial Group company. THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT RESPOND. You may use the contact information in the attached letter to respond if needed.

EXHIBIT

2

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

September 16, 2022

MS SERENA L HERNANDEZ

RE: Long Term Disability (LTD) Benefits
Charter Communications, Inc.
Claim #: 10970673

Dear Ms. Hernandez:

Lincoln National Life Insurance Company, a Lincoln Financial Group company, is responsible for managing claims for Long Term Disability (LTD) Benefits under Charter Communications Inc's Long Term Disability Policy. We are writing in regards to your appeal request for Long Term Disability (LTD) Benefits under the Policy.

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits.

**Initial Claim Decision**

We received your submitted claim for your absence from work as of August 16, 2020, as a result of depression and low back pain. Your LTD benefits began on February 14, 2021, after the Policy's 182-day elimination period was completed. However, your claim was denied as the evaluation concluded you were not disabled beyond May 5, 2022.

The basis for the decision was outlined in a letter dated May 5, 2022. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information:

> *Hospital records, discharge summaries, exam findings, operative reports, office visit notes, diagnostic test results, mental status exam findings, mental status testing, psychology notes, psychiatry notes, counselor notes, therapy records, referrals, consultations, restrictions, limitations, 5 of 6 treatment plans, and any other medical information from all treating providers from February 25, 2022 through present that support your inability to perform your own occupation.*

*You should also provide any additional information that you feel will support your claim.*

Please refer to the May 5, 2022 letter for further details regarding your claim determination.

**Appeal**

In your letter of appeal dated July 25, 2022, you requested that your claim be reopened so you can appeal to continue benefits. In support of your claim, you submitted no additional records or medical information.

**Appeal Evaluation**

During the initial claim evaluation, your claim was reviewed by Paul Stander MD and Brandon Erdos MD, who are physicians Board Certified in Internal Medicine and Psychiatry respectively.

Dr. Paul Stander indicated that your primary diagnosis was asthma. Comorbid diagnoses included recent infection with COVID-19 virus with associated pneumonia, chronic tobacco use, diabetes, morbid obesity, hypertension, knee osteoarthritis, obstructive sleep apnea, gastroesophageal reflux disease, depression, post-traumatic stress disorder, anxiety disorder, as well as history of cocaine and marijuana abuse.

On December 25, 2021, Dr. Stander further stated the following, in part:

> *Based on the documentation in the records provided to me and taking into account the entire clinical picture, the claimant has some modest ongoing impairment in her ability to reliably perform her usual life and work activities, primarily in terms of limits on performing strenuous physical exertion due to her Asthma, continued tobacco use, Morbid Obesity and possibly her psychiatric and substance abuse issues which interfere with her adherence to recommended treatments. She has no restrictions or limitations on sitting or using her arms, hands and fingers for reaching, gripping, grasping, or operating a computer keyboard or other common office equipment. She can stand and walk distances up to 100 yards occasionally, and continuously for up to 10 minutes at a time or up to a total of 1-1.5 hours in a typical 8-hour workday. She can bend or twist occasionally and can lift, carry, push or pull items up to ten pounds occasionally. She cannot crouch, stoop, kneel, crawl or climb. These restrictions and limitations are present from the current time and going forward but the claimant has sustained capacity for full time work within these restrictions and limitations during this period. Her prognosis for improvement or recovery of functional capacity is limited and, in view of her morbid obesity, diabetes, hypertension and continued smoking, there is potential for her to develop other complications or end organ damage that could further diminish her functional capacity. Adherence to her diet and medication regimen to control her weight (or ideally to lose weight to get from her current BMI of 39 to approach the normal range of 25), blood pressure, blood sugar and cholesterol will be important in helping to decrease the chances and/or postpone the development of further complications or organ damage in the future. Possible impairment related to any of the claimant's psychiatric diagnoses should be evaluated and determined by a reviewer other than myself and review of further records of care in 3-4 months may be advisable and possibly helpful in determining the nature and duration of future impairment.*

On March 28, 2022, Brandon Erdos MD stated the following, in part:

> *Based on a comprehensive review of all available documentation, while the available records reflect the claimant is receiving treatment for the psychiatric condition of post-traumatic stress disorder, the records do not support the presence of symptoms associated with this condition that would be considered impairing during the time period in question.*
>
> *Based on a comprehensive review of all available documentation, and taking into consideration the entire clinical picture including evidence based medicine and any medication or other treatment side effects, the available findings do not support the presence of symptoms associated with psychiatric conditions that would support a level of impairment that translates into restrictions and limitations for the time frame from - present to - ongoing. The documentation reflects the claimant has received outpatient medication management and therapy services for the primary diagnostic condition of post-traumatic stress disorder, as well as other psychiatric diagnoses that include generalized anxiety disorder and cocaine use disorder. However, during the time period in question, the available documentation does not demonstrate in the form of direct behavioral observations nor through examination findings or mental status impressions, symptoms associated with these conditions that would be considered functionally impairing. Dr. Pareek on 01/28/2022 notes the claimant reports having anxiety and restless leg syndrome. On 02/25/2022, the claimant reports experiencing poor sleep, restless leg, bronchitis and notes she has been sober for three weeks. Dr. Pareek's notes did not identify direct behavioral observations of impairing psychiatric symptoms. Furthermore, examination findings and mental status impressions were unremarkable and within normal limits. I spoke to Dr. Yogesh Pareek on 3/22/22. The claimant has diagnoses of MDD and PTSD, as well as substance use history (cocaine/THC). Medications prescribed include prazosin 2mg, Cymbalta 60mg daily, and Topamax 100mg BID. No other clinical data was provided. There was no objective medical evidence of any clinical findings that were of a severity that would support disability due to a mental health condition during the time period in question. Based on a review of all of the available data, the information does not support psychiatric disability.*

Dr. Erdos spoke to Dr. Yogesh Pareek on March 22, 2022, who indicated that you have diagnoses of major depressive disorder and post-traumatic stress disorder, as well as substance use history (coaine/THC). Medications prescribed include prazosin 2mg, Cymbalta 60mg daily, and Topamax 100mg BID. However, no other clinical data was provided.

A medical peer review addendum was requested with Dr. Paul Stander. On May 1, 2022, Dr. Stander stated the following, in part:

> *There are limited new records provided to me since my previous report of 12/25/2021 which consist of documentation of visits in February 2022 that the claimant had with her treating medical and behavioral health providers. At one of her visits with a medical provider, the claimant reported having pain in her feet and legs and reports of her toes turning purple on occasion leading to difficulty ambulating and the need for a walker. The claimant was not fully cooperative with her provider in providing information and*

*responding to questions, and there were no significant abnormal findings to substantiate the presence of peripheral vascular disease that might account for her reports of color changes in her feet and toes, and her treating provider did not feel that the claimant needed or would benefit from a walker. The documentation at the other medical visit in February 2022 indicates that the claimant was reporting ongoing symptoms of constipation for which she had previously gone to the Emergency Department where she reportedly underwent an extensive evaluation including an abdominal CT scan, that also failed to demonstrate significant abnormal findings to account for her symptoms. Her constipation was attributed to side effects from the use of opioid pain medication that the claimant had been prescribed for a recent dental procedure. There is no information in these new records that provides evidence that the claimant's asthma is poorly controlled at this time that would cause significant respiratory problems, or that she has significant complications or end-organ damage from her diabetes and/or other chronic medical conditions that would limit her usual life and work activities. Furthermore, there is some documentation in the records that the claimant may have discontinued tobacco use which, if valid, would no doubt improve her asthma and respiratory symptoms, and improve her overall physical conditioning and functional capacity. In summary, based on the documentation in the records provided to me and taking into account the entire clinical picture, there is insufficient evidence to conclude that significant impairment warranting restrictions or limitations on the claimant's usual life and work activities is supported from the present time and going forward. Possible impairment related to any of the claimant's psychiatric conditions has been, and should continue to be, evaluated and determined by a reviewer other than myself.*

*Based on the documentation in the records provided to me and taking into account the entire clinical picture, the claimant has some modest ongoing impairment in her ability to reliably perform her usual life and work activities, primarily in terms of limits on performing strenuous physical exertion due to her Asthma, continued tobacco use, Morbid Obesity and possibly her psychiatric and substance abuse issues which interfere with her adherence to recommended treatments. She has no restrictions or limitations on sitting or using her arms, hands and fingers for reaching, gripping, grasping, or operating a computer keyboard or other common office equipment. She can stand and walk distances up to 100 yards occasionally, and continuously for up to 10 minutes at a time or up to a total of 1-1.5 hours in a typical 8-hour workday. She can bend or twist occasionally and can lift, carry, push or pull items up to ten pounds occasionally. She cannot crouch, stoop, kneel, crawl or climb. These restrictions and limitations are present from the current time and going forward but the claimant has sustained capacity for full time work within these restrictions and limitations during this period. Her prognosis for improvement or recovery of functional capacity is limited and, in view of her morbid obesity, diabetes, hypertension and continued smoking, there is potential for her to develop other complications or end organ damage that could further diminish her functional capacity. Adherence to her diet and medication regimen to control her weight (or ideally to lose weight to get from her current BMI of 39 to approach the normal range of 25), blood pressure, blood sugar and cholesterol will be important in helping to decrease the chances and/or postpone the development of further complications or organ damage in the future. Possible impairment related to any of the claimant's psychiatric diagnoses should be evaluated and determined by a reviewer other than myself and review of further records of care in 3-4 months may be advisable and possibly helpful in determining the nature and duration of future impairment.*

Your claim was previously reviewed by a vocational consultant, who completed an Occupational Analysis in order to identify the material and substantial duties of your occupation as it is normally performed in the national economy. The analysis showed that your job title of Customer Relations Coordinator compares most closely to that of a Customer Service Representative in the national economy, which is a sedentary physical demand.

Please refer to our May 5, 2022 letter for further details of the above reports and claim determination.

Upon receipt of your appeal, a letter dated July 30, 2022 was emailed to you acknowledging your appeal, and we asked you to contact us if you had more information for the appeal. We also attempted to contact you on August 2, 2022, however, the call went straight to voice mail. Since the voice mail was full, we could not leave a message. Thus, your appeal was referred for a medical review based on what was in your file.

We did receive a phone call from you on August 15, 2022, at which time we informed you that we did try to contact you, and we were waiting for the medical review reports. You were able to notify us that your phone number had changed. We informed you that your file had been sent for medical review, and we discussed the types of medical records and documentation to provide in support of you disability. You stated that you are very sick and had been in and out of the hospital many times, and you now had bronchitis. We informed you at that time, that you could provide any other medical information for your appeal, and we discussed that you could submit records such as office or progress notes, diagnostic test results, therapy notes, hospital admitting notes, hospital discharge summaries, etc. We also advised you that since your claim was closed, that you would need to provide any information you wished for us to review for your appeal.

During the review of your appeal, your claim was reviewed by Robert Swotinsky MD and Scott Lurie MD, who are physicians Board Certified in Occupational Medicine and Psychiatry, respectively.

Since benefits were paid through May 5, 2022, the focus of our review is from this date forward.

On August 16, 2022, Dr. Robert Swotinsky stated that you had no primary impairing diagnoses. Comorbid diagnoses included asthma, low back pain, and obesity.

Dr. Swotinsky further stated the following, in part:

> *The medical documentation does not demonstrate a medical (physical) basis for activity limitations or restrictions.*
>
> *The records describe events associated with pain, e.g., knee pain last Summer with an infection and abdominal pain in February 2022 with constipation. The records do not corroborate a medical diagnosis or pathology accounting for persistent pain and thus do not corroborate a medical (physical) basis for ongoing limitations/restrictions based on pain.*

*The medical documentation indicates primary medical concerns of a history of asthma, low back pain, obesity, and hypertension. The medical documentation does not demonstrate medical (physical) pathology that accounts for activity limitations or restrictions, especially with respect to her previous job activities as a customer service representative.*

*The claimant stopped work for mental/behavioral health reasons. She lost her job and remained off work for reasons other than medical (physical) injury or illness.*

Dr. Swotinsky left a message for Kerry Schey NP to discuss your conditions and treatment. However, since Ms. Schey was not available, thus a letter was faxed to her with questions. No response was received.

Scott Lurie MD indicated that your primary diagnoses include Depression NOS, Posttraumatic Stress Disorder, Cocaine use disorder, and Cannabis use disorder. There were multiple comorbid medical diagnoses. On August 16, 2022, Dr. Lurie stated the following, in part:

*The available record does not document any psychiatric or behavioral health visits since 2-25-22 and so does not document any symptoms, exam findings, or treatment interventions to support any ongoing psychiatric impairment. Therefore it does not support any psychiatric restrictions or limitations beyond 5-5-22.*

*The providers do not propose any restrictions or limitations from 5-5-22 or beyond.*

Dr. Lurie left messages for Dr. Yogesh Pareek on August 4 and 9, 2022, and a letter was sent to Dr. Pareek on August 16, 2022. In response, we received a note stating that you see Egbert Tan MD not Yogesh Pareek. No other information was provided.

To afford your claim every consideration, on August 17, 2022, we sent you a copy of the medical peer reviews completed by Drs. Robert Swotinsky and Scott Lurie, to review and provide any additional or missing information or comments you wished to have considered. We asked that any additional information you wished for us to consider be returned to us no later than September 7, 2022, at which time we would proceed with making a determination on your appeal.

In response, we received your phone call on August 17, 2022, stating that you have bronchitis and you discussed the closure of your claim. We discussed our August 17, 2022 letter that includes the medical reviews, and that we are allowing you until September 7, 2022, to provide any additional medical documentation prior to finalizing your appeal. You stated that you do have more medical information to provide, and we advised that you did have until September 7, 2022 to provide any additional information, and to contact us prior to that date if you need more time to submit any information. To date, we have received no further response from you or your physicians. Therefore, no further medical review was required.

Significant psychosocial and/or cognitive dysfunction was not found to be documented consistently throughout the medical examinations. There was insufficient documentation identifying significant ongoing difficulty with thinking or behavior (e.g. observed significant memory, concentration and attention problems, disorientation, profound psychomotor agitation) or more serious evidence of clinical decompensation (e.g., delusions, hallucinations, suicide attempts, homicidal ideations, emergency evaluations or admission to psychiatric facilities for more intensive care).

In addition, we have no medical records, hospital records, or any medical documentation from any provider beyond February 25, 2022, for review.

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position.

In our review of your claim, Lincoln National Life Insurance Company has fully considered the Social Security Administration's (SSA) ruling to approve Social Security Disability (SSD) benefits. We notified you on July 29, 2022, that you can provide your Social Security information which includes the Administrative Law Judge's Decision letter or file; however, to date we have not received this information. Therefore, our decision was based on the information provided, as detailed previously in this letter. It should also be noted, however, that while we consider the SSA's ruling, a decision by the SSA does not determine entitlement to benefits under the terms and conditions of Charter Communications Inc's Long Term Disability Policy.

**Conclusion**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may have continued to experience some impairments and symptoms associated with your condition. However, the information contains insufficient psychological or physical examination findings, diagnostic test results or other forms of medical documentation supporting your impairments and symptoms remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering you unable to perform the duties of your occupation beyond May 5, 2022.

Having carefully considered all of the information submitted in support of your claim, our position remains that proof of your continued disability in accordance with the Policy provisions has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

**Policy Provisions**

In order to receive benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

*i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the*

*Material and Substantial Duties of Any Occupation*

*"**Own Occupation**", with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

*"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

***Mental Illness and/or Substance Abuse and/or Non-Verifiable Symptoms Limitation***

*The benefit for Disability due to Mental Illness and/or Substance Abuse and/or Non-Verifiable Symptoms will not exceed a combined period of 24 months of Monthly Benefit payments while the Covered Person is insured under this policy.*

*If the Covered Person is in a Hospital or Institution for Mental Illness and/or Substance Abuse at the end of the combined period of 24 months, the Monthly Benefit will be paid during the confinement.*

*If the Covered Person is not confined in a Hospital or Institution for Mental Illness and/or Substance Abuse, but is fully participating in an Extended Treatment Plan for the condition that caused Disability, the Monthly Benefit will be payable to a Covered Person for up to a combined period of 36 months.*

*In no event will the Monthly Benefit be payable beyond the Maximum Benefit Period shown in the Schedule of Benefits.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Charter Communications Inc's Long Term Disability Policy contains the below provision:

***Legal Proceedings***

*A claimant or the claimant's authorized representative cannot start any legal action:*

*1. until 60 days after Proof of claim has been given; or*

*2. more than three years after the time Proof of claim is required.*

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required

reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of three year(s), which means that a lawsuit must be brought within three year(s) after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is May 5, 2025.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Charter Communications Inc's Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Keri Younker
Claim Resolution Specialist
Phone No.: (800) 423-2765 Ext. 7987
Secure Fax No.: (603) 422-7909